Mr. Kie D. Hall, Executive Director Arkansas Public Employees' Retirement System One Capitol Mall Little Rock, Arkansas 72201-1015
Dear Mr. Hall:
This is in response to your request for an opinion concerning Act 851 of 1991. You note that this act allows cities and counties participating in the Arkansas Public Employees' Retirement System ("APERS"), the option to place certain elected officials in APERS instead of in a local plan. Your specific questions involve that portion of Act 851 of 1991 which allows cities and counties to place existing officials in APERS within ninety days of the effective date of the act. Section 6 of the act provides as follows:
 Any county employer or municipal employer participating in Arkansas Public Employees Retirement System that is required by law to establish a local retirement plan for any employee, shall have the option at the time of employment or within ninety (90) days of the effective date of this act to provide retirement benefits for the employee under the local retirement plan or to include the employee in the Arkansas Public Employees Retirement System. The System in lieu of a local retirement plan shall be [sic] made by the employer's governing body and the results certified to the Arkansas Public Employees Retirement System's Board of Trustees.
You have posed the following two questions regarding the section above:
 If the official is vested in a local plan, therefore making the official eligible for a benefit at some specified date, may the city or county terminate the official's vested rights, place the person in APERS under Act 851, and allow the official to purchase prior service in APERS?
 If the official is vested in a local plan, therefore making the official eligible for a benefit at some specified date, does that make the official ineligible for membership in APERS because of the provisions of A.C.A. 24-2-302 and A.C.A. 24-4-101
(7)(B)?
The language of the act provides that the city or county has the option of providing retirement benefits to local officials, who would otherwise be eligible for a local system, through APERS. The act provides that the time to exercise this option is: 1) at the time of employment, or 2) within ninety days of the effective date of Act 851. This second alternative necessarily would include the transferring of existing local system members, some of whom may already be "vested."
The answer to your first question depends upon whether the rights of the local officials you mention are truly "vested" in the legal sense. It was held in Jones v. Cheney, 253 Ark. 926,489 S.W.2d 785 (1973), that rights of a public employee in a pension or retirement plan become "vested" when all eligibility requirements have been met, even though the employee or official has not yet reached the age at which his benefits begin. Under this holding, the individuals you describe would have acquired "vested" rights which could not be impaired without their consent. The Cheney case, however, made much of the fact that the retirement system in issue there included voluntary contributions from the individuals involved. Additionally, the case of Pyle v. Webb, 253 Ark. 940, 489 S.W.2d 796 (1973), held that a retirement system allowance financed over a period of years by joint contributions of employer and employee represented "compensation" rather than a "mere gratuity," and thus was a "vested right" which could not be altered by the operation of subsequent laws. The local officials you have mentioned, however (mayors in cities of the first class, A.C.A. § 24-12-123, clerk treasurers/city clerks of first class cities, A.C.A. § 24-12-121, and municipal judges and court clerks, A.C.A. § 24-8-301 etseq. and § 24-8-401 et seq.), do not make any contributions to these local pension systems. The benefits are merely paid out of the city general fund or a fund comprised of various specially levied court costs. Thus, as was stated in Opinion No. 89-260, a copy of which is enclosed, these types of retirement benefits "would in all liklihood be deemed by a court to constitute a `gratuitous allowance' in which the pensioner has no vested rights. [Citation omitted.] Such a `mere gratuity' would ordinarily be subject to modification or repeal by subsequent changes in the law." Opinion No. 89-260 at 3.
For these reasons, it is my opinion that the answer to your first question is most likely "yes." Although the act is absolutely silent on the question of how the transfer of existing local system members to APERS is effectuated,[1] it is my opinion that the the transfer will not be hindered by claims of "vested rights" by such officials. See Opinion No. 89-260.
Your second question asks whether the officials who have met all eligibility requirements of local plans so as to be entitled to a benefit at some specified date are indeed ineligible for membership in APERS under A.C.A. § 24-2-302 and A.C.A. § 24-4-101
(7)(B) (Supp. 1989). It is my opinion that the answer to this question is "no." The former provision defines membership in APERS and provides at subsection (4) that "[a]ll eligible employees of the State of Arkansas or any of its political subdivisions except those who are members of or are eligible formembership in another legally established state retirement planshall be members of [APERS]." [Emphasis added.] The latter provision defines the term "employees" as it is used in the chapter governing APERS. Subsection (7)(B) provides that the term "shall not include persons who are members of, or who are eligible for benefits under or membership in, any other retirement system . . . which retirement system is supported by state funds or is authorized by the laws of the state." It is safe to say that these provisions have been modified or superseded to the extent that now, under Act 851, some employees or officials who are members or eligible for membership in other (i.e. local) retirement plans may be placed in APERS at the option of the political subdivision. This conclusion should apply as well to members who have attained all of the service requirements for benefits. Thus, these officials are not "ineligible" for membership by virtue of these two provisions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] The act does not contain any provisions as to the purchase, by local system members, of credited service in APERS, nor does it state whose responsibility it would be to bear the cost of such a purchase.